UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Joe Hand Promotions, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Café de Manila LLC; et al., <br><br> Defendants. | Case No. 2:22-cv-01086-CDS-DJA <br><br> **Order** |

Before the Court is Plaintiff's motion to extend the time for service. (ECF No. 5). Plaintiff explains that, due to a miscommunication, counsel did not effectuate service within the ninety-day period. (*Id.* at 2). Plaintiff adds that it has since served all three Defendants and thus, they have notice of the lawsuit. (*Id.* at 3). Because the Court finds that Plaintiff has demonstrated good cause and excusable neglect, it grants the motion.

### A.   *The Court grants Plaintiffs' motion to extend time for service.*

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The 90–day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the . . . [90]–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that . . .[90]–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed . . .[90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with

diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. Under Local Rule IA 6-1(a), "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."

Plaintiff has demonstrated that an extension of time is warranted. It explains that the missed deadline was inadvertent and that it has taken steps to remedy the issue by serving Defendants. (ECF No. 5). Plaintiff adds that, should the Court not grant its motion, it will lose the ability to try its case on the merits. (*Id.* at 3). The Court finds that Plaintiff has demonstrated good cause and excusable neglect to extend the service deadline. The Court thus grants Plaintiffs' motion. Plaintiff's service of Defendants on October 14, 2022 will be considered timely.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (ECF No. 5) is **granted.** Its service of Defendants on October 14, 2022 will be considered timely.

DATED: October 24, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE